**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| REGINA SUTTON, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:23-cv-328 |
| | § | |
| THE PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT,
REQUEST FOR DISCLOSURE and JURY DEMAND**

1.     NOW COMES REGINA SUTTON, M.D., hereinafter referred to as "Plaintiff", and brings this action against THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, hereinafter referred to as "Defendant."

2.     Plaintiff brings this action to secure all disability benefits, whether they be described as long term, short term and/or waiver of premium benefits to which Plaintiff is entitled under the disability insurance policies underwritten and administered by Defendant.

3.     Defendant has underwritten and administered the policies and has issued a denial of the benefits claimed under the policies by the Plaintiff.  The policies at issue can be identified as Policy Number 82750-40, for disability benefits.

**I. PARTIES**

4.     Plaintiff is a citizen and resident of Cherokee County, Texas.

5.     Defendant is a properly organized business entity doing business in the State of Texas.  Defendant may be served with process by serving its registered agent, C T Corporation System, addressed at 1999 Bryan Street, Suite 900, Dallas, Texas

1

75201.

## II. JURISDICTION AND VENUE

6.      This is an action for damages for failure to pay benefits under insurance policies and other related claims over which this court has jurisdiction.  Specifically, the Plaintiff is a resident of the State of Texas and Defendant, a foreign corporation, is authorized to do business in the State of Texas.

7.      The disability policies at issue in the case were issued in the State of Texas.

## III. THE CLAIM ON THE POLICY

8.      Plaintiff has been a covered beneficiary under disability benefits policies issued by Defendant at all times relevant to this action.  Policy Number 82750-40.

9.      Plaintiff is a 54-year-old woman previously employed as a "General/Trauma Surgeon".

10.      General/Trauma Surgeon is classified under the Dictionary of Occupational Titles as Light with an SVP of 8 and considered to be highly skilled work.

11.      Due to Plaintiff's disabling conditions, Plaintiff ceased actively working on September 2, 2013, as on this date Plaintiff sustained injuries from a motor vehicle accident, including spinal injury, surgery complicated by the MRI, kidney affected, brain fog, stroke, broken right wrist, arm, hand and neck.

12.      Plaintiff alleges she became disabled on September 2, 2013.

13.      Plaintiff filed for disability benefits through the Plans administered by the Defendant.

14.      Defendant initially granted Plaintiff's request for disability benefits under the Plans.

2

15.     Subsequently, Defendant denied disability benefits under the Plans pursuant to a letter to Plaintiff dated October 17, 2017.  Said letter allowed Plaintiff 180 days to appeal this decision.

16.     At the time Defendant denied Plaintiff further long term disability benefits, the disability standard in effect pursuant to the Plans was that Plaintiff must be considered unable to perform her "Own Occupation".

17.     If granted, Policy 82750 would initially pay monthly indemnity benefits of $15,000.00.

18.     Plaintiff pursued her administrative remedies set forth in the Plans by requesting administrative review of the denial of benefits.

19.     Plaintiff timely perfected her administrative appeal pursuant to the Plans by sending letter requesting same to the Defendant.

20.     Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of her own and any other occupation as defined by the Plans.

21.     On August 22, 2022 and again on September 27, 2022, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability premium benefits.

22.     Defendant also notified Plaintiff on August 22, 2022 and again on September 27, 2022 that Plaintiff had exhausted her administrative remedies.

23.     Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

24.     Plaintiff has now exhausted her administrative remedies.

## IV. MEDICAL FACTS

25.    Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

26.    Plaintiff suffers from injuries sustained in the motor vehicle accident, including a spinal injury requiring surgery complicated by the MRI; nephrogenic systemic fibrosis (NSF) impacting the kidneys; brain fog; stroke; broken right wrist, hand and arm, and neck; neurological changes; cervical radiculopathy; loss of function requiring a neck fusion; and discectomy.

27.    Treating physicians document continued limitations and disabilities and the continued pain that requires pain management.

28.    Plaintiff's multiple disorders have resulted in restrictions in activity and have significantly curtailed her ability to engage in any form of exertional activity.

29.    Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

30.    Plaintiff's treating physicians document these symptoms.  Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

31.    Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

32.    However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

33.    Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full-time basis, meaning an 8-hour day, day after day, week after week,

month after month.

34.     Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

35.     The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

36.     As such, Plaintiff has been and remains disabled per the terms of the Policy and has sought disability benefits pursuant to said Policies.

37.     However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

### V. DEFENDANT'S UNFAIR CLAIMS HANDLING PRACTICES

38.     On or about June 15, 2014, Defendant's internal vocational rehabilitation specialist, David Carey, M.Ed., CRC, CDMS, performed a paper review of Plaintiff's claim file.

39.     On or about December 8, 2016 and October 17, 2017, Defendant's internal vocational rehabilitation specialist, LaToya Rodriguez, MS, CRC, performed paper reviews of Plaintiff's claim file.

40.     On or about May 6, 2021 and November 19, 2021, Defendant's internal vocational specialist, Cristi Calloway, MS, LPC, CRC, performed paper reviews of Plaintiff's claim file.

41.     On or about July 13, 2022, Defendant's internal vocational forensic specialist, Lindsay Neumann, MSEd., CRC, performed a paper review of Plaintiff's claim file.

42.      On or about December 1, 2016, September 19, 2017, September 29, 2017, and October 7, 2017, Defendant's paid consultant, Joe Ordia, M.D., FACS (Dr.

Ordia), neurosurgery, performed multiple peer reviews of Plaintiff's claim file.

43.    Dr. Ordia's reports and addenda are misleading, biased and result-driven in that he failed to review all relevant medical records, the reports ignore or are contrary to controlling medical authority.  The reports fail to specify the medical standard upon which they rely.  The reports are based on faulty or incorrect information.

44.    Further, Dr. Ordia failed to consider all the Plaintiff's illnesses.  Dr. Ordia failed to consider all the Plaintiff's illnesses in combination.  The reports are conclusory and results-driven, as demonstrated by the fact that the reports cherry-pick the information by overemphasizing information that supports the Defendant's position and de-emphasizing information that supports disability and the reports do not consider the standard of disability specified in the Policies.

45.    On or about December 1, 2016, Defendant's paid consultant, Jerome Siegel, M.D., MPH (Dr. Siegel), occupational medicine, performed a peer review of Plaintiff's claim file.

46.    Dr. Siegel's report is misleading, biased and results-driven in that he failed to review all relevant medical records, the report ignores or is contrary to controlling medical authority.  The report fails to specify the medical standard upon which it relies. The report is based on faulty or incorrect information.

47.    Further, Dr. Siegel failed to consider all the Plaintiff's illnesses.  Dr. Siegel failed to consider all the Plaintiff's illnesses in combination.  The report is conclusory and results-driven, as demonstrated by the fact that the report cherry-picks the information by overemphasizing information that supports the Defendant's position and de-emphasizing information that supports disability and the report does not consider the standard of disability specified in the Policies.

48.     On or about June 26, 2018, July 8, 2022, August 15, 2022 and September 21, 2022, Defendant's paid consultant, Howard Grattan, M.D., (Dr. Grattan), physical medicine and rehabilitation and pain medicine, performed multiple peer reviews of Plaintiff's claim file.

49.     Dr. Grattan's reports and addenda are misleading, biased and results-driven in that he failed to review all relevant medical records, the reports ignore or are contrary to controlling medical authority.  The reports fail to specify the medical standard upon which they rely.  The reports are based on faulty or incorrect information.

50.     Further, Dr. Grattan failed to consider all the Plaintiff's illnesses.  Dr. Grattan failed to consider all the Plaintiff's illnesses in combination.  The reports are conclusory and results-driven, as demonstrated by the fact that the reports cherry-pick the information by over-emphasizing information that supports the Defendant's position and de-emphasizing information that supports disability and the reports do not consider the standard of disability specified in the Policies.

51.     On or about December 21, 2020, January 8, 2021, and February 26, 2021, Defendant's paid consultant, Milton Klein, DO (Dr. Klein), physical medicine and rehabilitation, performed multiple peer reviews of Plaintiff's claim file.

52.     Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on biased reports from Dr. Klein.  Defendant in bad faith relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

53.     On or about September 3, 2021, October 26, 2021, November 12, 2021, November 16, 2021, and November 24, 2021, Defendant's paid consultant, Matthew

Chan, M.D. (Dr. Chan), occupational medicine, performed multiple peer reviews of Plaintiff's claim file.

54.    Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on biased reports from Dr. Chan.  Defendant in bad faith relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

55.    On or about November 9, 2021, Defendant's paid consultant, Derek Larson, M.D. (Dr. Larson), internal medicine and nephrology, performed a peer review of Plaintiff's claim file.

56.    Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on a biased report from Dr. Larson.  Defendant in bad faith relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time, and with more knowledge of Plaintiff's condition.

57.    On or about May 17, 2022, May 20, 2022, August 11, 2022, and September 20, 2022, Defendant's paid consultant, Mark A. Krause, M.D., Ph.D. (Dr. Krause), internal medicine and nephrology, performed multiple peer reviews of Plaintiff's claim file.

58.    Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on biased reports from Dr. Krause.  Defendant in bad faith relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time and with more knowledge of Plaintiff's condition.

59.    On or about June 9, 2022, August 15, 2022, and September 21, 2022, Defendant's paid consultant, Chadi Obeid, M.D. (Dr. Obeid), internal medicine and nephrology, performed multiple peer reviews of Plaintiff's claim file.

60.    Defendant, with a pre-determined agenda to find Plaintiff not disabled, relies on biased reports from Dr. Obeid.  Defendant in bad faith relies on a non-treating physician, who has not conducted a physical examination of Plaintiff, over Plaintiff's treating physician who has examined Plaintiff over a long and frequent period of time and with more knowledge of Plaintiff's condition.

61.    There is an indication that on August 14, 2017, an internal consultant, Jonathan Mittelman, M.D., occupational medicine, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

62.    There is an indication that an internal consultant, Alison Baker, M.D., reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

63.    There is an indication that on December 4, 2013, an internal consultant, Thomas McDow, RN, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

64.    There is an indication that on May 29, 2014 and December 1, 2014, an internal consultant, Melissa Perez, PT, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said reviews.

65.    There is an indication that on August 26, 2014, an internal consultant, Kathleen Pattis, PT, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

66.    There is an indication that on May 11, 2015, an internal consultant, Melissa Hendrick, RN, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with

said review.

67.    There is an indication that on May 11, 2015 and November 15, 2016, an internal consultant, Susan Pack, RN, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said reviews.

68.    There is an indication that on May 18, 2015, an internal consultant, Suzanne Borelli, RN, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

69.    There is an indication that on August 10, 2016, an internal consultant, Jill Cariglia, RN, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

70.    There is an indication that on September 23, 2016, an internal consultant, Adele Glita, RN, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

71.    There is an indication that on July 28, 2017, Denise Chase reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

72.    There is an indication that a Jennifer Sullivan, RN, reviewed Plaintiff's claim file, but Defendant failed to provide Plaintiff with said review.

73.    Defendant has failed to consider Plaintiff's credible complaints of pain and fatigue which limit Plaintiff's ability to function.

74.    Defendant has selectively reviewed Plaintiff's medical records and has cherry-picked only the excerpts from the medical records that support its pre-determined conclusion that Plaintiff is not disabled.

75.    Defendant has failed to apply proper definition of disability.

76.    Defendant has failed to consider the side effects of Plaintiff's medications.

77.    Defendant failed to allow Plaintiff an opportunity to respond to new evidence that first appeared in Defendant's final denial letter.

78.    Defendant's consultants completed their reports without examining Plaintiff.

79.    On August 22, 2022 and again on September 29, 2022, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for disability benefits.

80.    Defendant also notified Plaintiff on August 22, 2022 and again on September 29, 2022 that Plaintiff had exhausted her administrative benefits.

81.    Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

82.    At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

83.    Defendant's determination was influenced by its conflict of interest.

84.    Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

85.    The disability Plans gave Defendant the right to have Plaintiff to submit to a physical examination at the appeal level.

86.    A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

87.    More information promotes accurate claims assessment.

88.    Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

89.    Defendant's report of secret video tape surveillance does not accurately describe that is on the tape.

90.    Defendant's conduct as a whole has failed to furnish a full and fair review of Plaintiff's claim.

## VI. FIRST CAUSE OF ACTION:

### Breach of Contract

91.    Plaintiff repeats and re-alleges paragraphs 1 through 90 of this Complaint as if set forth herein.

92.    Plaintiff paid all premiums due and fulfilled all other conditions of the Plans.

93.    Under the terms of the Plans, Defendant is obligated to pay Plaintiff benefits, in full and without reservation of rights, during the period of time that Plaintiff is suffering totally disabled, as those words are defined in the Plans.

94.    In breach of its obligations under the aforementioned Plans, Defendant has failed to pay Plaintiff benefits in full and without any reservations of rights during the period of time that Plaintiff is suffering "totally disabled," as those words are defined in the Plans.

95.    Defendant stopped paying benefits to Plaintiff under the Plans, despite the fact that Plaintiff was totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow.

96.    Defendant breached the Plans when it stopped paying benefits to Plaintiff, despite the fact that Plaintiff was suffering totally disability, as that phrase is defined in the Plans.  Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

97.    Plaintiff has complied with all of the Policies provisions and conditions precedent to qualify for benefits prior to filing suit.

98.    As a result of Defendant's breach, Plaintiff suffered financial hardship.

99.    By reason of the foregoing, Defendant is liable to Plaintiff for damages.

## VII. SECOND CAUSE OF ACTION:

### Violation of Texas Insurance Code and DTPA

100.    Plaintiff realleges and incorporates each allegation contained in Paragraphs 1 through 99 of this Complaint as if fully set forth herein.

101.    Due to the aforementioned acts and omissions, Defendant has violated the Texas Deceptive Trade Practices Act sections and articles in the following ways:

(a)    Insurance Code Article § 541.051 by misrepresenting the terms or benefits and advantages of The Policies;

(b)    Insurance Code Article § 541.052 by placing before the public materials containing untrue, deceptive, or misleading assertions, representations, or statements regarding The Policies;

(c)    Insurance Code Article § 541.060 by engaging in unfair settlement practices by (1) misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which Defendant's liability has become reasonably clear; (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the Policies, in relation to the facts or applicable law, for Defendant's denial of Plaintiff's claim; (4) failing within a reasonable time to affirm or deny coverage of Plaintiff's

claim; and (5) refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

(d) Insurance Code Article § 541.061 by misrepresenting the Policies by (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; (4) making a material misstatement of law; and (5) failing to disclose other matters required by law to be disclosed.

(e) Business and Commerce Code § 17.46(b)(5) by representing that services had characteristics, uses and benefits that they did not have;

(f) Business and Commerce Code § 17.46(b)(12) by representing that an agreement conferred or involved rights, remedies or obligations which it did not have or involve; and

(g) Business and Commerce Code § 17.46(b)(24) by failing to disclose information concerning services which was known at the time of the transaction where the failure to disclose such information was intended to induce Plaintiff into a transaction into which Plaintiff would not have entered had the information been disclosed.

(h) Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

(i)     Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

(j)     Defendant's interpretation of the definition of disability contained in the Policies are contrary to the plain language of the Policies, as it is unreasonable, arbitrary, and capricious;

(k)     Defendant failed to furnish Plaintiff a Full and Fair Review;

(l)     Defendant failed to specify information necessary to perfect Plaintiff's appeal;

(m)     Defendant has denied Plaintiff based on a selective and incomplete review of the records;

(n)     Defendant failed to credit Plaintiff's treating doctor's opinion;

(o)     Defendant has wrongfully terminated Plaintiff's disability benefits without evidence of improvement;

(p)     Defendant's request for objective evidence was improper;

(q)     Defendant failed to credit Plaintiff's credible complaints of pain and fatigue;

(r)     Defendant failed to consider the side effects of Plaintiff's medications;

(s)     Defendant has wrongfully relied upon opinions of paid consultants as substantial evidence;

(t)     Defendant has wrongfully relied on a reviewing doctor's opinion who failed to consider Plaintiff's occupation and/or vocational abilities;

(u)     Defendant failed to give Plaintiff an opportunity to respond to new evidence;

(v)     Defendant's objective is to terminate Plaintiff's claim which is contrary

to its duty as a fiduciary to act in good faith;

(w)     Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff; and

(x)     Defendant failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

102.   Defendant knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code section 541.002 (1) (formerly Art. 21.21 §2(c)).

## VIII. THIRD CAUSE OF ACTION:

### Breach of Covenant of Good Faith and Fair Dealing

103.   Plaintiff repeats and realleges paragraphs 1 through 103 of this Complaint as if set forth herein.

104.   By selling the insurance policies to Plaintiff and by collecting substantial premiums therefore Defendant assumed a duty of good faith and fair dealing toward Plaintiff.

105.   The Plans contain an implied promise that they would deal fairly and in good faith with Plaintiff and would do nothing to injury, frustrate, or interfere with Plaintiff's rights to receive benefits under the Plan.

106.   Defendant breached its duty of good faith and fair dealing toward Plaintiff in one or more of the following ways:

(a)     By failing to pay benefits to Plaintiff when Defendant knew or reasonably should have known that Plaintiff was entitled to such benefits;

(b)     By interpreting ambiguous Plans provisions against Plaintiff and in

favor of its own financial interests;

(c)     By interpreting the factual circumstances of Plaintiff's disability condition against Plaintiff and in favor of its own financial interests;

(d)     By failing to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled, including several determinations by Plaintiff's treating physician;

(e)     By misrepresenting Plans coverage, conditions, exclusions, and other provisions;

(f)     By interpreting the definition of disability contained in the Plans contrary to the plain language of the Policies and in an unreasonable, arbitrary, and capricious manner;

(g)     By failing to provide a reasonable explanation of the basis for the denial of disability benefits to Plaintiff; and

(h)     By compelling Plaintiff to initiate this action to obtain the benefits to which Plaintiff was entitled under the Plans.

107.    By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Plaintiff suffered financial hardship, substantial emotional distress, mental anguish, and pain and suffering which exacerbated her depression and anxiety.

108.    The actions of Defendant amount to egregious tortuous conduct directed at Plaintiff, a consumer of insurance.

109.    Defendant's actions directed at Plaintiff are part of a similar conduct directed at the public generally.

110.    Defendant's actions were and are materially misleading and have caused injury to Plaintiff.

111.   Defendant carelessly relied on its own flawed review of the records instead of in person medical examinations to decide to discontinue paying benefits.

112.   By reason of Defendant's wrongful acts in breach of the covenant of good faith and fair dealing, Defendant is liable to Plaintiff for compensatory damages and, for its egregious tortuous conduct, punitive damages, and attorneys' fees, costs, and disbursements incurred in connection with this action.

## IX. FOURTH CAUSE OF ACTION

### Fraud

113.   Plaintiff realleges and  incorporates each allegation contained in paragraphs 1 through 112 as if fully set forth at length herein.

114.   Defendant acted fraudulently as to each representation made to Plaintiff concerning material facts for the reason it would not have acted and which Defendant knew were false or made recklessly without any knowledge of their truth.  The representations were made with the intention that they be acted upon by Plaintiff, who relied on those representations, thereby causing injury and damage to Plaintiff.

## X. FIFTH CAUSE OF ACTION

### Prompt Payment of Claim

115.   Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through 114 of the Complaint as if fully set forth herein.

116.   Defendant failed to timely request from Plaintiff any additional items, statements or forms that Defendant reasonably believed to be required from Plaintiff, in violation of Texas Insurance Code section 542-055 (a)(2)-(3).

117.   Defendant failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the fifteenth business day after receipt of all items, statements,

and forms required by Defendant in violation of Texas Insurance Code section 542.056(a).

118.    Defendant delayed payment of Plaintiff's claim in violation of Texas Insurance Code section 542.058(a).

## XI. SIXTH CAUSE OF ACTION

### Statutory Interest

119.    Plaintiff realleges and incorporates each allegation contained in paragraphs 1 through118 of this Complaint as if fully set forth herein.

120.    Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claim along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code section 542.060.

## XII. CAUSATION

121.    The conduct described in this Petition was a producing and proximate cause of damages to Plaintiff.

## XIII. DECLARATORY RELIEF

122.    Pleading further, Plaintiff would show she is entitled to declaratory relief pursuant to Section 37 of the Texas Civil Practices and Remedies Code.  Specifically, Plaintiff would show that she is entitled to declaratory relief due to Defendant's breach of its contractual obligation under the terms of The Policies.  TEX. CIV. PRACT. & REM. CODE § 37.001.

123.    The evidence at trial will show that Plaintiff submitted a timely and properly payable claim for long term  disability benefits to Defendant.  The evidence will show that Defendant denied Plaintiff benefits which it contractually owes, because it claims that Plaintiff's conditions do not meet the Policies' definition of "disabled".

124.    The conduct of Defendant as described above creates uncertainty and insecurity with respect to Plaintiff's rights, status, and other legal relations with Defendant.  Therefore, Plaintiff requests the Court exercise its power afforded under §37.001 et seq. of the Texas Civil Practices and Remedies Code and declare the specific rights and statuses of the parties herein.  Specifically, Plaintiff requests this Court review the facts and attending circumstances and declare that she is disabled as that term is both commonly understood and as defined by the insurance contract made the basis of this suit.

## XIV. ATTORNEYS FEES

125.    Plaintiff prays that the Court award costs and reasonable and necessary attorney's fees as are equitable and just under § 37.009 of the Texas Civil Practices and Remedies Code, § 38.001 of the Texas Civil Practices and Remedies Code, and Section 542 of the Texas Insurance Code.

## XV. REQUEST FOR DISCLOSURE

126.    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose, within 50 days of service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XVI. JURY DEMAND

127.    In accordance with Federal Rule of Civil Procedure, Plaintiff requests a trial by jury of all issues raised in this civil action that are triable by right (or choice) by a jury.

## XVII. KNOWLEDGE

128.    Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## XVIII. RESULTING LEGAL DAMAGES

129.    Plaintiff is entitled to the actual damages resulting from Defendant's violations of the law.  These damages include the consequential damages to her economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits; and continued impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law.  In addition, Plaintiff is entitled to exemplary damages.

130.    As a result of Defendant's acts and/or omissions, Plaintiff has sustained damages in excess of the minimal jurisdictional limits of this Court.

131.    Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

132.    Defendant's knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

133.    Plaintiff is entitled to statutory interest on the amount of her claim at the rate of 18% per year as damages under Texas Insurance Code section 542.060(a).

134.    Plaintiff is also entitled to the recovery of attorneys' fees pursuant to Texas Civil Practices and Remedies Code section 38.001, Texas Insurance Code 542.060(a)(b), Texas Business & Commerce Code section 17.50, and Texas Civil Practices and Remedies Code section 37.009.

## XIX. PRAYER

135.    WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court GRANT Plaintiff declaratory and injunctive relief, finding that she is entitled to all past due disability benefits yet unpaid under the terms of the Plans, and that

Defendant be ordered to pay all future disability benefits according to the terms of the Plan until such time as Plaintiff is no longer disabled or reaches the benefit termination age of the Plans.

136.    Enter an order awarding Plaintiff all reasonable actual and punitive damages, pre- and post-judgment interest as allowed by law, attorneys' fees, costs of suit and expenses incurred as a result of Defendant's wrongful denial in providing coverage, and:

137.    Enter an award for such other relief as may be just and appropriate.

Dated:   Houston, Texas
July 3, 2023

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.

By:     /s/ Britney Anne Heath McDonald
Britney Anne Heath McDonald
Tex. Bar. No. 24083158
Fed. I.D. No. 2621983
britney@marcwhitehead.com
Madison Tate Donaldson
Tex. Bar No. 24105812
Fed. I.D. No. 3151467
madison@marcwhitehead.com
Selina Valdez
Tex. Bar No. 24121872
Fed. I.D. No. 3633062
Marc S. Whitehead
Tex. Bar No. 00785238
Fed. I.D. No. 15465
marc@marcwhitehead.com
J. Anthony Vessel
Tex. Bar No. 24084019
Fed. I.D. No. 1692384
anthony@marcwhitehead.com
selina@marcwhitehead.com
403 Heights Boulevard
Houston, Texas 77007
Telephone: 713-228-8888
Facsimile: 713-225-0940

ATTORNEY-IN-CHARGE
FOR PLAINTIFF,
REGINA SUTTON, M.D.