IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| REGINA SUTTON, M.D., | § § § |
| Plaintiff, | § § |
| v. | § § Case No. 6:23-cv-328-JDK-KNM |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | § § § § |
| Defendant. | § § |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Regina Sutton initiated this lawsuit concerning a disability insurance dispute. Before the Court is Defendant's motion to dismiss Plaintiff's second amended complaint. Docket No. 29. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

On March 4, 2025, Judge Mitchell issued a Report recommending that the motion be denied. Docket No. 44. Defendant filed written objections. Docket No. 49.

**I.**

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other*

1

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

"Rule 12(b)(6) motions are viewed with disfavor and rarely granted." *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (cleaned up). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court accepts well-pleaded facts as true, construes all reasonable inferences in the light most favorable to the plaintiff, and gives no weight to conclusory allegations, unwarranted factual inferences, and legal conclusions. *Hodge*, 90 F.4th at 843.

Allegations of fraud require stating "with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008) ("Put simply, Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." (citation omitted)). Claims based on fraud, such as claims of misrepresentation under the Texas Insurance Code, are subject to Rule 9(b)'s heightened pleading requirement. *See Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009).

## II.

Defendant objects to the Report on three grounds, arguing that (A) the Report erred by refusing to consider exhibits attached to Defendant's motion; (B) Plaintiff's breach of contract claim fails as a matter of law; and (C) Plaintiff failed to state a claim for extra-contractual relief. Docket No. 49 at 2–8. Each is addressed.

**A.**

Defendant objects to the Report's exclusion of documents attached to and relied on in the motion to dismiss: (1) a group contract and option for long-term disability coverage, which Defendant alleges are the controlling contracts, and (2) a claim form. *Id.* at 2–4. The Court agrees with the Report.

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *see also C&C Inv. Props., LLC v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016) ("[A] Rule 12(b)(6) motion typically cannot rely on evidence outside of the complaint."). In fact, when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). In that case, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

A district court, however, need not always convert a Rule 12(b) motion to a motion for summary judgment to consider additional material; a narrow exception exists. Documents attached to a defendant's motion to dismiss are considered part of the pleadings "if they are referred to in the plaintiff's complaint and are central to her claim." *Collins*, 224 F.3d at 498–99 (citation omitted). The purpose of this exception is to "merely assist[] the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Id.* at 499. Importantly, "[w]hen a party presents 'matters outside the

3

pleadings' with a Rule 12(b)(6) motion to dismiss, the Court has 'complete discretion' to either accept or exclude the evidence for purposes of the motion to dismiss." *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 926 (N.D. Tex. 2014) (quoting *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n. 3 (5th Cir. 1988)).

As to the group contract and option submitted by Defendant here, Plaintiff disputes whether these are the controlling contracts. Docket No. 33 at 3–4. As a result, the Court would need to first make an evidentiary finding that these materials are the documents referred to in the complaint or central to Plaintiff's claims, such that conversion to a motion for summary judgment is not necessary. And that kind of finding is not appropriate in the context of a motion to dismiss. *See Collins*, 224 F.3d at 499. Indeed, when deciding whether to consider documents attached to a motion to dismiss, courts often look at whether the attached documents are contested as inaccurate or false. *See, e.g.*, *Doss v. Clearwater Title Co.*, 551 F.3d 634, 639–40 (7th Cir. 2008) (reversing a district court that considered a document attached to a motion to dismiss where the plaintiff claimed the document was not what it appeared to be); *Trieger v. Ocwen Loan Servicing, LLC*, 2019 WL 3860689, at *1 n.2 (N.D. Tex. Aug. 15, 2019) (considering documents attached to a defendant's motion to dismiss in part because the plaintiffs did not "contest the accuracy" of the documents); *Transp. Mgmt. Servs., Inc. v. Hiscox Ins. Co., Inc.*, 716 F. Supp. 3d 486, 491 (W.D. Tex. 2024) (explaining that documents attached to a defendant's motion to dismiss may be considered "when such documents are central to the pleadings and are uncontested"), *rev'd on other grounds*, 2025 WL 33479 (5th Cir. Jan. 6, 2025). The Court finds that

4

the Report properly excluded the group contract and option at this stage in the proceeding.

As to the claim form, Plaintiff disputes its centrality to her claims. Docket No. 33 at 4. And to that end, the Report explains that the claim form is *not* central to Plaintiff's claims. *See* Docket No. 44 at 10. While relevant to the claim adjudication process, the claim form does not "establish[] the basis of the suit." *See Collins*, 224 F.3d at 499. Nor is Defendant's purpose in attaching the claim form to "assist[]" the Court in determining "whether a claim has been stated." *See id.* Rather, Defendant's purpose is to contradict a factual assertion in the complaint. *See* Docket No. 49 at 3 ("The Claim Form directly contradicts Plaintiff's allegation in her [second amended complaint] of the date she stopped working."). The Court declines Defendant's invitation to prematurely adjudicate factual disputes. *See Favre v. Sharpe*, 117 F.4th 342, 346 (5th Cir. 2024) (explaining that questions of fact are resolved in the plaintiff's favor when evaluating a motion to dismiss under Rule 12(b)(6)). The Court finds that the Report properly excluded the claim form in analyzing the motion to dismiss.

### B.

Defendant argues that Plaintiff's breach of contract claim fails for three reasons: (1) the claim form reveals that Plaintiff's coverage ended before her claim arose; (2) Plaintiff breached the policy by refusing to attend an in-person medical examination; and (3) the policy documents attached to Defendant's motion reveal that Plaintiff's claims are untimely. Docket No. 49 at 4–5.

5

The Court overrules all three objections. The first objection relies on the claim form excluded from consideration and is therefore overruled. The second seeks a judicial determination that Plaintiff failed to comply with the policy by failing to attend a medical examination. But Plaintiff's allegations included an explanation of her inability to complete the examination when requested. *See* Docket No. 27 ¶ 111. Again relying on excluded material, Defendant asks the Court to reach beyond the pleadings and evaluate whether Plaintiff's conduct constituted a failure to comply with the policy. Such a determination is improper at this stage. Defendant's third objection relies entirely on materials excluded from consideration and is therefore overruled.

### C.

Finally, Defendant argues that Plaintiff failed to allege facts sufficient to support her extracontractual claims for breach of good faith and fair dealing and for violations of the Texas Insurance Code. *See* Docket No. 29 at 6–8. Specifically, Defendant argues Plaintiff (1) failed to meet Rule 8's pleading requirement with respect to her bad faith claims; (2) failed to meet Rule 9(b)'s heightened pleading requirement for claims of misrepresentation; and (3) failed to allege facts supporting any violation of the Insurance Code's prompt payment requirements. *Id.*

Each objection fails. Far from being conclusory, Plaintiff's second amended complaint alleges several facts discussing bad faith—such as Defendant failing to acknowledge receipt of her records, causing delays in obtaining records, accusing Plaintiff of not sending documents, refusing to help her submit documents, delaying in resolving her claim, disregarding her updated medical information, failing to

6

contact Plaintiff's treating physician, making misrepresentations, and more. *See, e.g.*, Docket No. 27 ¶¶ 43–45, 51, 55, 60–61, 72–73, 104–06, 110–13, 133–38, 189–200. Plaintiff's allegations regarding misrepresentation, moreover, specifically describe facts that satisfy Rule 9(b)'s heightened pleading standard. *See id.* ¶¶ 43–54, 189–200. Finally, Plaintiff properly alleges facts that could establish Defendant's liability for failure to timely decide her claim within fifteen days of receiving all requisite information—in violation of the Insurance Code's prompt payment requirements. *See* Docket No. 27 ¶¶ 36–45, 49–51; Tex. Ins. Code § 542.056; *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 518 (5th Cir. 2015) (explaining that a plaintiff may recover interest under the Insurance Code's prompt payment statute where the plaintiff establishes "(1) a claim under an insurance policy; (2) that the insurer is liable for the claim; and (3) that the insurer has failed to follow one or more" prompt payment requirements).

### III.

Having reviewed Defendant's objections de novo, the Court concludes that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (Docket No. 44) is **ADOPTED** as the opinion of the District Court, and Defendant's objections (Docket No. 49) are **OVERRULED**. Defendant's motion to dismiss (Docket No. 29) is **DENIED**.

So **ORDERED** and **SIGNED** this **21st** day of **March, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE